UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. NIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHAFTER CHERRY ORCHARD LP, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1052-KJN<br><br><br>ORDER |

　　　　Plaintiff Marvin L. Nies commenced this action for patent infringement, conversion, and unfair competition against defendant Shafter Cherry Orchard LP on May 29, 2013. (ECF No. 1.)[1] On June 28, 2013, defendant Shafter Cherry filed an answer and a counterclaim for declaratory relief. (ECF No. 7.)

　　　　Subsequently, on August 29, 2013, the court conducted a status conference, during which the parties stipulated to participate in the court's Voluntary Dispute Resolution Program ("VDRP"). (ECF No. 14.) That same day, the court issued the following minute order:

> In light of the parties' representations at the status conference, this action is referred to the court's Voluntary Dispute Resolution

---

[1] All parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned for all further proceedings and the entry of final judgment. (ECF Nos. 8, 9, 10.)

1
2
3
4
5
6
7
8

>Program ("VDRP"). The parties are directed to review the requirements of the Program outlined in E.D. Cal. L.R. 271 and shall contact the court's VDRP coordinator, Sujean Park, forthwith to initiate the process of selecting a neutral. The VDRP coordinator may be contacted by telephone at (916) 930-4278 or by e-mail at SPark@caed.uscourts.gov. Upon completion of the VDRP session, but in any event no later than October 31, 2013, the parties shall file a joint statement regarding status of the case and VDRP session. If the case has not settled, the parties shall also include new suggested case scheduling deadlines. The court defers scheduling the case until after completion of the VDRP session, with the exception that the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than 9/15/2013. The parties may also agree to conduct additional discovery prior to the VDRP session.

(ECF No. 15.)

The parties ultimately failed to file a notice of settlement or a joint statement in accordance with the court's minute order by October 31, 2013.  Indeed, the case docket reflected no activity until January 24, 2014, when the parties jointly filed a stipulation allowing plaintiff to file an amended complaint. (ECF No. 16.)  The parties further stipulated that defendant Shafter Cherry would waive notice and service of the amended complaint, would not be required to answer the amended complaint, "and that all denials, responses and affirmative defenses contained in the answer filed by defendant to the original complaint shall be responsive to the amended complaint." (Id. at 1.)  The filing also included plaintiff's first amended complaint, which added Sally Jo DeVincenzo as a defendant. (Id. at 3.)

On January 31, 2014, the court issued an order requiring counsel to show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's minute order and/or why monetary sanctions of $300 should not be imposed upon counsel for each party. (ECF No. 18.)

Shortly thereafter, on February 1, 2014, plaintiff's counsel filed a response to the order to show cause. (ECF No. 19.)  In his response, plaintiff's counsel acknowledged and apologized for the failures, explaining that they resulted from a confluence of unfortunate circumstances, including personal health issues, the death of his father, and a change in trial schedule.  The response indicates that the parties still wish to pursue alternative dispute resolution, and that it would likely make sense to involve the newly-named defendant in such proceedings. (Id.)

2

In light of the extenuating circumstances, the court declines to impose any sanctions and discharges the order to show cause. The court also grants the parties an approximately 60 day-extension to complete the VDRP process and sets a status conference as outlined below.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's January 31, 2014 order to show cause (ECF No. 18) is DISCHARGED.
2. The parties shall complete the VDRP process, as outlined in the court's August 29, 2013 minute order, within 60 days of this order.
3. A status conference in this matter is set for Thursday April 10, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned.
4. No later than April 3, 2014, the parties shall file a joint statement regarding the status of the case and the VDRP session. If the case has not settled, the parties shall also include new suggested case scheduling deadlines. Alternatively, if the parties require another <u>limited, brief extension</u> to complete the VDRP process, the parties shall file a stipulation and proposed order to that effect, which shall show good cause for any delay and provide a specific date for which the VDRP session is set.
5. Failure to fully comply with the provisions of this order will result in the imposition of monetary or any other appropriate sanctions, including potential dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February 4, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE