UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN L. NIES, | No.  2:13-cv-1052-KJN |
| Plaintiff, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| SHAFTER CHERRY ORCHARD LP, et al., | |
| Defendants. | |

Plaintiff Marvin L. Nies commenced this action for patent infringement, conversion, and unfair competition against defendant Shafter Cherry Orchard LP on May 29, 2013.  (ECF No. 1.)[1] On June 28, 2013, defendant Shafter Cherry filed an answer and a counterclaim for declaratory relief.  (ECF No. 7.)

Subsequently, on August 29, 2013, the court conducted a status conference, during which the parties stipulated to participate in the court's Voluntary Dispute Resolution Program ("VDRP").  (ECF No. 14.)  That same day, the court issued the following minute order:

////

---

[1] All parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned for all further proceedings and the entry of final judgment.  (ECF Nos. 8, 9, 10.)

1

> In light of the parties' representations at the status conference, this action is referred to the court's Voluntary Dispute Resolution Program ("VDRP"). The parties are directed to review the requirements of the Program outlined in E.D. Cal. L.R. 271 and shall contact the court's VDRP coordinator, Suejean Park, forthwith to initiate the process of selecting a neutral. The VDRP coordinator may be contacted by telephone at (916) 930-4278 or by e-mail at SPark@caed.uscourts.gov. Upon completion of the VDRP session, but in any event no later than October 31, 2013, the parties shall file a joint statement regarding status of the case and VDRP session. If the case has not settled, the parties shall also include new suggested case scheduling deadlines. The court defers scheduling the case until after completion of the VDRP session, with the exception that the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than 9/15/2013. The parties may also agree to conduct additional discovery prior to the VDRP session.

(ECF No. 15.)

The parties ultimately failed to file a notice of settlement or a joint statement in accordance with the court's minute order by October 31, 2013.  Indeed, the docket reflected no further activity until January 24, 2014, when the parties jointly filed a stipulation allowing plaintiff to file an amended complaint.  (ECF No. 16.)  The parties further stipulated that defendant Shafter Cherry would waive notice and service of the amended complaint, would not be required to answer the amended complaint, "and that all denials, responses and affirmative defenses contained in the answer filed by defendant to the original complaint shall be responsive to the amended complaint."  (Id. at 1.)  The filing also included plaintiff's first amended complaint, which added Sally Jo DeVincenzo as a defendant.  (Id. at 3.)

On January 31, 2014, the court issued an order requiring counsel to show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's minute order and/or why monetary sanctions of $300 should not be imposed upon counsel for each party.  (ECF No. 18.)

Shortly thereafter, on February 1, 2014, plaintiff's counsel filed a response to the order to show cause.  (ECF No. 19.)  In his response, plaintiff's counsel acknowledged and apologized for the failures, explaining that they resulted from a confluence of unfortunate circumstances, including personal health issues, the death of his father, and a change in trial schedule.  (Id.)  The response indicated that the parties still wished to pursue alternative dispute resolution, and that it

would likely make sense to involve Ms. DeVincenzo in such proceedings.  (Id.)[2]

On February 4, 2014, the court discharged the order to show cause and declined to impose sanctions at that juncture based on the articulated extenuating circumstances.  (ECF No. 20.)  The parties were ordered to complete the VDRP process, as outlined in the court's August 29, 2013 minute order, within 60 days.  (Id.)  Furthermore, the court set a status conference for Thursday April 10, 2014, and directed the parties, no later than April 3, 2014, to "file a joint statement regarding the status of the case and the VDRP session.  If the case has not settled, the parties shall also include new suggested case scheduling deadlines.  Alternatively, if the parties require another limited, brief extension to complete the VDRP process, the parties shall file a stipulation and proposed order to that effect, which shall show good cause for any delay and provide a specific date for which the VDRP session is set."  (Id.)  The parties were specifically cautioned that "[f]ailure to fully comply with the provisions of this order will result in the imposition of monetary or any other appropriate sanctions, including potential dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b)."  (Id.)

The docket shows that Glenn Peterson of Millstone Peterson & Watts LLP was appointed as the VDRP neutral attorney for the case on February 20, 2014.  (ECF No. 21.)  However, the docket contains no further activity, and despite the court's clear order, the parties failed to file a joint statement by the April 3, 2014 deadline.  Moreover, the parties failed to appear at the April 10, 2014 status conference.  Thus, it is unclear what is the status of this case.

In light of the above, the court sanctions plaintiff's counsel and counsel for defendant Shafter Cherry Orchard LP in the amount of $500 each, to be paid within fourteen (14) days of this order.  Although the court would ordinarily first issue an order to show cause, which could potentially be discharged, this is the second time that the parties entirely failed to follow the court's orders to apprise the court of the status of the case.  The parties did not even attempt to request an extension of time or advise the court that they would be unable to attend the status conference due to any specific reasons.  Even though the court appreciates the parties' willingness

---

[2] To date, Sally Jo DeVincenzo has not appeared in this action, and it is unclear whether she has yet been served with process.

1  to engage in voluntary dispute resolution efforts, such efforts do not excuse the parties from
2  complying with court orders and attending court-ordered conferences.  Even if the parties have
3  settled their case, they are required to provide the court with notice of such a settlement in
4  accordance with the court's orders and Local Rule 160.

   Additionally, the court orders the parties to show cause in writing, within fourteen (14) days of this order, why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on failure to follow court orders and failure to prosecute the case.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Within fourteen (14) days of this order, plaintiff's counsel and counsel for defendant Shafter Cherry Orchard LP shall each pay the Clerk of Court $500.00 in monetary sanctions based on their failure to comply with court orders.  Counsel shall not attempt to recover, directly or indirectly, the amount of such sanctions from their clients.

   2. Within fourteen (14) days of this order, the parties shall show cause in writing why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on failure to follow court orders and failure to prosecute the case.

   3. Failure to pay the monetary sanctions or respond to the order to show cause by the required deadline will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

Dated:  April 11, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE