1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARVIN L. NIES,                         No.  2:13-cv-1052-KJN

12                    Plaintiff,

13             v.                            ORDER

14   SHAFTER CHERRY ORCHARD LP, et
     al.,
15
                     Defendants.
16

17

18            On April 11, 2014, the court issued an order requiring plaintiff's counsel and counsel for

19   defendant Shafter Cherry Orchard LP to each pay monetary sanctions in the amount of $500.00.[1]

20   (ECF No. 23.)  The order further directed the parties to show cause in writing why the action

21   should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on the parties'

22   failure to follow court orders and failure to prosecute the case.  (Id.)  The grounds for the

23   sanctions imposed and the order to show cause were outlined in detail in the court's April 11,

24   2014 order, but essentially they were based on the parties' failure to file a court-ordered joint

25   statement regarding the status of the VDRP proceedings and the case, as well as the parties'

26

_____

27   [1] All parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C.
     § 636(c), and the case was referred to the undersigned for all further proceedings and the entry of
28   final judgment.  (ECF Nos. 8, 9, 10.)

                                                  1

1  failure to appear at a court-ordered April 10, 2014 status conference.  (Id.)  The court noted that,

2  having already discharged an earlier order to show cause concerning a similar issue, it was "the

3  second time that the parties entirely failed to follow the court's orders to apprise the court of the

4  status of the case."  (Id. at 3.)

5        The court's docket indicates that both parties subsequently paid the monetary sanctions

6  imposed.  Additionally, on April 23, 2014, the parties filed a joint response to the order to show

7  cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

8  (ECF No. 24.)  The response indicates that the parties reached a verbal settlement of all claims

9  involved in the action at an April 3, 2014 session with the neutral attorney, but that the session

10  was continued by approximately 30 days to draft a formal settlement agreement.  Since that time,

11  drafts of the formal settlement agreement have apparently been exchanged, and counsel represent

12  that they are merely awaiting final client confirmation and see no impediment to execution of a

13  formal written settlement agreement.  Counsel further state that they:

> believed, based on statements made by the VDR Neutral Attorney,
> that they were not required to do anything further in the
> action…They believed that the Court's VDRP process would notify
> the Court of the continued session and that the matter was
> effectively stayed.  Counsel acknowledges that they were each
> regrettably mistaken and should have been more proactive in
> notifying the Court and seeking instruction as to any needed filings
> and appearances.

19  (ECF No. 24 at 3.)

20        The court is appreciative of the parties' efforts to resolve the case through alternative

21  dispute resolution and accepts counsel's representations that they were proceeding under a good

22  faith, although mistaken, assumption that the case was effectively stayed.  That said, counsel's

23  assumption was not a reasonable one, because the court's February 4, 2014 order unambiguously

24  required the parties to advise the court of the status of the case by April 3, 2014, and set a status

25  conference for April 10, 2014.  No order vacating these deadlines ever issued.  Moreover, Local

26  Rule 160 independently requires the parties to "immediately file a notice of settlement or

27  resolution" upon reaching a settlement.  E.D. Cal. L.R. 160(a).  The court finds it implausible that

28  the neutral attorney actually intended to advise the parties that the case was automatically stayed

2

1  and all deadlines suspended, given that volunteer neutral attorneys are not judges or court

2  employees, and thus do not have any authority to vacate case deadlines.  More likely, the parties

3  misunderstood the neutral attorney's comments.  Regardless, in the absence of a court order, the

4  reasonable and appropriate course of action would have been, at a minimum, to make further

5  inquiries with the court prior to simply assuming that case hearings and deadlines were vacated.

6  Indeed, the court would have readily entertained a stipulation to continue any case deadlines to

7  permit the parties to finalize their settlement.

8        Although the court finds it regrettable that it had to resort to monetary sanctions, the

9  parties' repeated failure to abide by basic case management deadlines in this case left the court

10  with little choice.  The parties are strongly encouraged to continue using the court's Voluntary

11  Dispute Resolution Program in future appropriate cases, especially in light of its cost- and time-

12  saving benefits, but with due regard to court scheduling deadlines and hearings.

13        Because the court ultimately finds that the parties' actions, though unreasonable, were not

14  taken in bad faith, the court declines to dismiss the action pursuant to Federal Rule of Civil

15  Procedure 41(b) and discharges the order to show cause in that regard.  Instead, the court sets a

16  deadline for the filing of dispositional documents in light of the parties' settlement.

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.  The order to show cause why the action should not be dismissed (ECF No. 23) is

19             discharged.

20        2.  In light of the parties' representations concerning settlement, dispositional documents

21             shall be filed within 21 days of this order.

22        3.  Failure to file dispositional documents by the required deadline may result in

23             sanctions, including dismissal of the action pursuant to Federal Rule of Civil

24             Procedure 41(b).

25        IT IS SO ORDERED.

26  Dated:  April 25, 2014

27                                          _____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28

3